## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN L. DOYNE HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MICHAEL O. LEAVITT, in his capacity as | ) | |
| Secretary of the Department of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE
## AGENCY DECISION ON MEDICARE REIMBURSEMENT

1.      Plaintiff, John L. Doyne Hospital ("Plaintiff" or "Hospital"), brings this action for an order compelling the Secretary of the Department of Health and Human Services (the "Secretary" or "Defendant"), to reimburse the Hospital for claimed post-retirement health benefit costs in accordance with Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq*., and the Secretary's own regulations for the time period at issue.  The Hospital has been wrongfully denied Medicare program reimbursement to which it is legally entitled for the time period it participated in the Medicare program.

### PARTIES

2.      Plaintiff, John L. Doyne Hospital (Medicare Provider Number 52-0174), participated in the Medicare program as an approved provider of hospital services until its closure and termination from the Medicare program on December 22, 1995.

3.      Milwaukee County (the "County"), a governmental entity, was the owner and operator of the Hospital.

4.      At all times relevant herein, the County operated a "hospital" as defined in 42 U.S.C. § 1395x(e), which was a "provider of services" participating in the Medicare program within the meaning of 42 U.S.C. § 1395x(u) and 42 C.F.R. § 489.2(b)(1).

5.      Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human Services, or his predecessors in office, is the federal officer responsible for administration of the Medicare program pursuant to the Social Security Act.    The Secretary delegates this responsibility to the Administrator of the Centers for Medicare & Medicaid Services ("CMS").

## JURISDICTION AND VENUE

6.      This is a civil action to obtain judicial review of a final decision rendered by the Administrator of CMS.  Plaintiff is seeking reversal of the decision issued July 9, 2007 by the CMS Administrator, which upheld the May 10, 2007 decision of the Provider Reimbursement Review Board denying Medicare reimbursement for certain post-retirement health benefits paid after the Hospital terminated its participation in the Medicare program.  The County has paid and is continuing to pay these benefits to Hospital employees who worked at the Hospital during the time period it participated in the Medicare program.

7.      This action arises under Title XVIII of the Social Security Act, as amended, which establishes the Medicare program (the "Medicare Program" or "Medicare"), 42 U.S.C. § 1395 *et seq*., and the Administrative Procedure Act, 5 U.S.C. §§ 551–59, 701-06 (the "APA").

8.      This Court has jurisdiction to review the final decision rendered by the Administrator of CMS, acting as delegate of the Secretary, pursuant to 42 U.S.C. § 1395oo(f). The statute also provides for venue in this Court.

9.      This Court has authority to grant the relief requested under 42 U.S.C. § 1395oo(f) and the APA.  Jurisdiction is also conferred under 28 U.S.C. § 1331.

2

10.     Venue is proper in this action pursuant to 42 U.S.C. § 1395oo(f), 42 C.F.R. § 405.1877(f); and 28 U.S.C. § 1391(e).

## REGULATORY BACKGROUND RELATING TO THE
## MEDICARE REIMBURSEMENT AND APPEALS PROCESS

11.     Title XVIII of the Social Security Act establishes the Medicare Program, which provides hospital and medical insurance coverage to most persons over 65 years of age and to certain disabled persons.  The Medicare Program is administered by CMS.  Under the Act, Medicare provides coverage of inpatient and outpatient services to eligible beneficiaries by making payments to Medicare participating providers on behalf of beneficiaries.

12.     To obtain Medicare payment for services provided to beneficiaries, each hospital participating in the Medicare Program files an annual cost report at the close of each fiscal year detailing the various costs incurred by the hospital and apportioning such costs to Medicare beneficiaries.

13.     After a Medicare hospital provider files its cost report, the amount of payment owed to the hospital for services furnished to Medicare beneficiaries is determined by a regional fiscal intermediary acting as an agent of the Secretary, pursuant to 42 U.S.C. § 1395h.

14.     Upon receiving the hospital's cost report, the fiscal intermediary performs an audit to determine the total amount of Medicare Program reimbursement due to the provider based upon detailed payment regulations promulgated by the Secretary.  42 C.F.R. § 405.1803. In addition to the Secretary's regulations, the fiscal intermediary is directed by, and relies on, various informal guidelines published by the Secretary and issued in the form of Medicare Program manuals, memoranda, and instructive letters.

15.     Upon completion of its audit, the fiscal intermediary issues a notice of program reimbursement ("NPR"), which contains an additional report of the fiscal intermediary's

3

determination of the total Medicare Program reimbursement due to the hospital for the applicable cost reporting period. The NPR sets forth the net amount due the hospital or the Medicare Program based on the intermediary's reconciliation of interim payments made to the hospital during the cost reporting year and year-end adjustments made by the intermediary during the audit.

16.     Following receipt of the intermediary's NPR, a hospital is entitled to appeal the adjustments to the Provider Reimbursement Review Board ("PRRB" or "Board") pursuant to 42 U.S.C. § 1395oo(a) and 42 C.F.R. § 405.1835. The PRRB has jurisdiction over appeals from fiscal intermediary determinations if a hospital is dissatisfied with the fiscal intermediary's final determination, the amount in controversy is over $10,000, and the hospital requests a hearing within 180 days after notice of the fiscal intermediary's determination. 42 U.S.C. § 1395oo(a).

17.     The Administrator of CMS, acting on behalf of the Secretary, may reverse, affirm, or modify the decision issued by the PRRB. 42 U.S.C. § 1395oo(f).

18.     A hospital has the right to obtain judicial review of any final decision of the PRRB, or any reversal, affirmance, or modification of the PRRB's decision by the CMS Administrator. 42 U.S.C. § 1395oo(f).

## MEDICARE PAYMENT FOR RETIREE HEALTH BENEFIT COSTS

19.     During the cost reporting period at issue, the Medicare statute authorized payment for inpatient hospital services rendered to Medicare beneficiaries under the inpatient prospective payment system. 42 U.S.C. § 1395ww(d).

20.     During the same period, the Medicare statute authorized payment for outpatient hospital services based on the lower of a hospital's customary charges or the reasonable cost of providing services to Medicare beneficiaries. 42 U.S.C. § 1395f(b)(1).

4

21.     The Medicare statute defines reasonable costs as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services...".  42 U.S.C. § 1395x(v)(1)(A).  The statute directs that reasonable costs shall be determined in accordance with Medicare regulations.

22.     The statute further states that the methods for determining reasonable and necessary costs (which encompasses both direct and indirect costs) of providing services to Medicare beneficiaries should ensure that those costs related to Medicare beneficiaries are not borne by individuals without Medicare coverage, and that the costs of services rendered to non-Medicare patients are not borne by the Medicare Program.  42 U.S.C. § 1395x(v)(1)(A).

23.     The statute requires that suitable retroactive adjustments be made where the aggregate reimbursement produced by the methods of determining costs proves to be inadequate.  42 U.S.C. § 1395x(v)(1)(A).

24.     A hospital's reasonable costs are determined based on a cost report filed at the end of a cost reporting period.  42 C.F.R. § 413.20(b).  Medicare regulations specify the methods by which a provider's cost report may be derived, as well as the accounting requirements for those reports.  42 C.F.R. § 413.24(a).

25.     The general rule is that a cost report must be based on an approved method of cost finding and on the accrual basis of accounting.  42 C.F.R. § 413.24(a).  Under the accrual basis of accounting, revenue is reported in the period in which it is earned, regardless of when it is collected; an expense is reported in the period in which it is incurred, regardless of when it is paid.  42 C.F.R. § 413.24(b).  Medicare regulations impose a limitation on allowable accrued costs in situations in which the related liabilities are not liquidated in a timely fashion.  42 C.F.R. § 413.100.

26.     The Medicare Program recognizes expenses incurred for retiree health benefits as a reasonable and necessary cost under certain circumstances.  42 C.F.R. § 413.100(c)(2)(vii)(C).  Post-retirement benefit plans are recognized as "deferred compensation" arrangements subject to the provisions of 42 C.F.R. § 413.100 and applicable program instructions.  42 C.F.R. § 413.100(c)(2)(vii)(C).  The Medicare rules define "deferred compensation" as "remuneration currently earned by an employee but which is not received until a subsequent period, usually after retirement."  Provider Reimbursement Manual, Chapter I, § 2140.1, attached hereto as **Exhibit A**.

27.     Deferred compensation plans can be funded or unfunded.

28.     Reasonable provider payments made under an unfunded deferred compensation plan are accepted as allowable costs during the cost reporting period in which the actual payments are made to participating employees.  42 C.F.R. § 413.100(c)(2)(vii)(A).

29.     The Medicare regulations and guidance do not specifically address how a provider will receive Medicare payments for its reasonable and necessary deferred compensation costs when those costs are made to a participating employee after a provider terminates from the Medicare Program.

## ALLOWABILITY OF THE HOSPITAL'S POST-RETIREMENT HEALTH BENEFIT COSTS

30.     The retiree health benefit costs at issue in this action fall within the general Medicare statutory definition of reasonable costs (*see* 42 U.S.C. § 1395x(v)(1)(A)) because they are reasonable and necessary in the efficient delivery of health services to Medicare beneficiaries.

6

31.    The retiree health benefits of the Hospital employees eligible for this program vested at a time when the employees were working at the Hospital and when the Hospital was a Medicare participating provider of services.

32.    Under the Medicare regulations, the retiree benefit costs would have been recognized and permitted by the fiscal intermediary at the time the benefits were actually paid by the County to its eligible retirees had the Hospital remained a participant in the Medicare Program.

33.    The Hospital's fiscal intermediary denied reimbursement for these costs – despite that the employees' rights to the benefits vested and the Hospital's obligation to pay the benefits accrued while the Hospital was a Medicare provider – simply because the Hospital no longer participates in the Medicare program as a provider of hospital services.

34.    The intermediary's determination to deny these reasonable and necessary costs was inconsistent with the Medicare statute's general requirement that Medicare providers be reimbursed for reasonable and necessary costs for services rendered to Medicare beneficiaries. *See* 42 U.S.C. § 1395x(v)(1)(A).

35.    The County is prepared to continue to amend its cost report until all payments have been made, or until the Medicare Program provides an express avenue for reimbursement of post-termination retirement health benefit costs to those Hospital employees who provided reasonable and necessary services to Medicare beneficiaries while the Hospital was still participating in the Medicare Program.

## FACTS SPECIFIC TO THIS CASE

36.    The Hospital, owned and operated by the County, participated in the Medicare program for nearly 30 years until December 22, 1995, when it ceased operations and terminated its Medicare participation.  The cost report year at issue is for the Hospital's final cost report

WASH_2052335.1

period, ending December 22, 1995. The fiscal intermediary for that year was United Government Services, LLC (the "Intermediary").

37.    As a result of the Hospital's closure, some Hospital employees retired, some transferred to other County departments, and others were terminated from employment with the County.

38.    As required by County Code and union contracts, employees of the Hospital hired before January 1, 1994, who worked for the Hospital and other County departments for 15 years are entitled to receive post-retirement health insurance benefits from the County. The County is contractually obligated under the County Code and union contracts to make payment for past liabilities and future liabilities associated with its retiree health benefit program.

39.    Post-retirement health benefits vested for individual employees after 15 years of service to the County. Once vested, the health benefits are the same regardless of the time an employee worked for the County. The health benefits also extend to spouses and dependant children.

40.    In accordance with Accounting Principles for Government Entities and the Medicare regulation at 42 C.F.R. § 413.24(a), the County recorded expenses for the post-retirement health benefits on a cash basis, and reported related costs to the Medicare program in the year in which the expenses were paid.

41.    Since closure of the Hospital, the County has been making and will continue to make post-retirement health benefit payments to those retirees (and their eligible dependents) who provided necessary health care services to Medicare beneficiaries during the time that the Hospital participated in the Medicare Program.

WASH_2052335.1

42.     The services rendered by the retired Hospital employees provided a direct benefit to the Medicare Program, and are costs that the Medicare Program is intended to reimburse.

43.     After terminating its participation in the Medicare Program in December 1995, the County filed its final cost report in May 1996. In this cost report, the County made a claim for reimbursement based on liabilities that had been incurred through the date the County terminated the Hospital's Medicare participation, including liabilities incurred for post-retirement health benefit payments.

44.     On July 31, 1998, before an NPR was issued, the County transmitted a letter to the Intermediary containing an "Amendment to Final Medicare Cost Report – John L. Doyne Hospital" ("Amended Cost Report").

45.      The Amended Cost Report contained, *inter alia*, additional post-retirement health benefit costs.  The Amended Cost Report adjusted the previously reported costs to add the actual retiree health benefit expenses paid by the County for qualifying Hospital employees during 1996 and 1997, and a projection of Hospital retiree health benefit expenses for future years.

46.     The County claimed the net present value costs for the retiree health benefits at issue.  This amount consisted of those payments made by the County for retirees in 1996 and 1997, and a future years projection, also reflected in net present value.

47.     On January 18, 2000, the Intermediary issued an NPR to the County captioned "Medicare Cost Settlement for FYE 12/22/95."  The January 18, 2000 NPR is attached hereto as **Exhibit B**.  The NPR identifies specific audit adjustments that were made to the cost report filed by the County, including adjustments to costs claimed on the Amended Cost Report. Adjustment 45A to the NPR disallowed the claimed post-retirement health benefit costs.

9

48.     On July 11, 2000, the County submitted a timely Notice of Appeal and Request for Hearing by letter to the PRRB, appealing the Intermediary's initial determination that certain of the Hospital's post-retirement health benefit costs were not reimbursable as reasonable and necessary. The Hospital's Notice of Appeal is attached hereto as **Exhibit C**.

49.     The Intermediary subsequently raised a jurisdictional challenge to the PRRB's authority to hear the County's appeal. In a decision issued on December 3, 2003, the PRRB held that it had jurisdiction over the Hospital's claim for post-retirement health benefit costs at issue.

50.     Subsequent to the PRRB's ruling on jurisdiction, the County submitted an updated claim to the Intermediary on April 26, 2004, which related to the Amended Cost Report's calculations for retiree health benefits. The updated claim reflects actual retiree health benefit expenses incurred from 1996 through 2002.

51.     The updated claim showed that the County paid post-retirement health benefit costs to former Hospital employees amounting to $44,331,623 for the years 1996 through 2002. The updated claim also included a calculation of future costs for the years 2003 through 2044, totaling $393,692,826. Based on payments and projections, the total costs of actual and future health benefits for the Hospital is $438,024,449. The net present value, in 1997-dollars, of these costs for Hospital retirees was $208,170,377. Applying the Medicare recovery percentage of 5.816% against the costs resulted in an updated claim of $12,107,189.

52.     The County is preparing a detailed accounting of actual costs beyond 2002 to present.

53.     The Intermediary has not disputed the County's methodology in arriving at the post-retirement health benefit costs incurred and anticipated by the County based on Hospital

10

employees' service to Medicare beneficiaries while the Hospital was still participating in the Medicare Program.

54.    After an in-person hearing on March 9, 2006, the PRRB held in favor of the Intermediary, upholding its denial of the Hospital's claim for post-retirement health benefits costs.  PRRB Hearing Dec. No. 2007-D32 (May 10, 2007) ("PRRB Decision").  The PRRB relied solely on the deferred compensation regulation, 42 C.F.R. § 413.100(c)(2)(vii), to conclude that the post-retirement benefits at issue are considered deferred compensation and, therefore, not subject to Medicare reimbursement.

55.    On June 5, 2007, the Administrator advised that she would review the May 10, 2007, PRRB Decision.  Subsequently, on July 9, 2007, the Administrator declined to review the PRRB Decision.

56.    The Plaintiff has exhausted its administrative remedies and now seeks relief from this Court in accordance with its rights under Section 1878(f) of the Social Security Act. 42 U.S.C. § 1395oo(f); 42 C.F.R. § 405.1877.

## VIOLATIONS OF LAW AND BASES FOR
## OF THE ADMINISTRATOR'S DECISION

57.    The Hospital contends that the PRRB Decision, as affirmed by the Administrator, is in error and has wrongly denied the Hospital Medicare reimbursement to which it is entitled under the Social Security Act.

58.    In upholding the PRRB Decision, the Administrator failed to follow the Social Security Act, 42 U.S.C. § 1395x(v)(1)(A), which requires that providers be reimbursed for reasonable and necessary costs incurred in providing services to Medicare beneficiaries.  The County's obligation to pay the post-retirement benefits was a cost of services provided to Medicare beneficiaries while the Hospital was a Medicare participating provider, and therefore,

WASH_2052335.1

reflect the Hospital's cost of providing services to Medicare beneficiaries. The PRRB Decision improperly applied the regulation at 42 C.F.R. § 413.100(c)(2)(vii)(A) to deny these reasonable and necessary costs on the basis that they are only allowed during those cost reporting periods in which actual payments are made. However, this regulation cannot be applied to deny reimbursement to which a provider is entitled under the Medicare statute based solely on the fact that the provider has terminated its participation in the Medicare program. There is no dispute that the retiree health benefit costs in question would have been recognized and allowed by the Intermediary for Medicare reimbursement purposes at some future time when the benefits were actually paid by the County for the retirees of the Hospital if the Hospital was still a Medicare participating provider. This Court may aside agency action that is arbitrary, capricious, an abuse of discretion, or not in accordance with law, pursuant to 5 U.S.C. § 706(2).

59.    In upholding the PRRB Decision, the Administrator's decision ignored undisputed evidence in the administrative record regarding the Intermediary's inconsistent determination to allow the County's claim for earned but unused sick leave pay which was of the exact same nature as the retiree health costs. There is no rational basis for the Intermediary's determination to allow the County's claim for earned but unused sick leave pay but deny its claim for the post-retirement health benefit costs and, therefore, must be set aside pursuant to 5 U.S.C. § 706(2).

60.    The PRRB Decision did not follow the Medicare statute requirement to devise a reasonable procedure to treat the claimed post-retirement benefit cost as termination costs in accordance with the statute at 42 U.S.C. § 1395x(v)(1)(A)(ii). This provision mandates that providers are entitled to reimbursement in equitable amounts for costs that are related to a provider's termination from the Medicare program.

WASH_2052335.1

61. The PRRB Decision will result in the costs of the Medicare program being borne by a source other than Medicare in contravention of the Medicare statute's prohibition against cross-subsidization at 42 U.S.C. § 1395x(v)(1)(A)(i). There is no dispute that the costs at issue arose from the Hospital's provision of health care services to Medicare beneficiaries. The Medicare statute requires that the costs which arose from the Hospital's provision of health care services to Medicare beneficiaries be borne by the Medicare program. The PRRB Decision, as upheld by the Administrator, will result in the costs, which arise from the Hospital's provision of health care services to Medicare beneficiaries, to be borne by the County's taxpayers is a direct violation of the Medicare statute.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that:

a. This Court vacate the Secretary's action as being:

  i. arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

  ii. without observance of procedure required by law;

  iii. unsupported by substantial evidence in the record; and

  iv. unwarranted by the facts;

b. This Court reverse the Secretary's determination denying Medicare reimbursement for the retiree health benefit costs and remand the case to the Secretary with an order compelling Defendant to reimburse the Plaintiff for all actual retiree health benefits paid by the County for the Hospital's employees and for all estimated future costs that the County will pay for retiree health benefits for the Hospital's employees;

c. This Court order the Secretary to pay Plaintiff interest on the payments resulting from the Court's order in accordance with 42 U.S.C. § 1395oo(f)(2);

13

d.     This Court order the Secretary to pay Plaintiff reasonable attorney's fees and costs as required under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

e.     This Court grant to Plaintiff such other relief in law and/or equity as the Court may deem just and proper.

Dated:  September 7, 2007                          Respectfully submitted,


                                                  /s/ Simon E. Dance
                                                  _____
                                                  Simon E. Dance (Bar No. 436432)
                                                  Foley & Lardner LLP
                                                  3000 K Street NW, Suite 500
                                                  Washington, DC  20007
                                                  202.672.5300 (phone)
                                                  202.672.5399 (fax)

                                                  Attorneys for Plaintiff

14

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John L. Doyne Hospital | Michael O. Leavitt, in his capacity as Secretary of the Department of Health and Human Services |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Simon E. Dance (Bar No. 436432)
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007
(202) 672-5300

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ◉ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☒ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Appeal for judicial review of final administrative decision under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 12,107,189 <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE  09-07-2007      SIGNATURE OF ATTORNEY OF RECORD  *Simon ? (Danie (uc)*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

*John L. Doyne Hospital v. Michael O. Leavitt*

# Exhibit A

**MED-MANUAL, CMS-MANUALS, §2140.1 Definition**

© 2007, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**Provider Reimbursement Manual (CMS-Pub. 15-1)**

**§2140.1 Definition**

Deferred compensation is remuneration currently earned by an employee but which is not received until a subsequent period, usually after retirement. Accordingly, a deferred compensation plan defers the receipt of income beyond the year in which it is earned. The type of deferred compensation plan considered herein is not considered a qualified plan under Internal Revenue Service requirements. (See subchapter D, Internal Revenue Code of 1986, as amended, and regulations thereunder.) Qualified deferred compensation plans generally meet the definition of a pension plan and are treated under §§2142ff. or, in the case of qualified defined contribution deferred compensation plans, §§2141ff.

© 2007, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

*John L. Doyne Hospital v. Michael O. Leavitt*

# Exhibit B



**HCFA**
Health Care Financing Administration

January 18, 2000

Paul Ciardo
Assoc. Administrator
John L. Doyne Hospital
C/O Milwaukee County DHS
1220 West Vliet Street-3rd Fl.
Milwaukee, WI 53205

| SUBUNITS |
| --- |
| 52S174 52T174 |

Provider No. 520174

Dear Mr. Ciardo:

## SUBJECT: PROBLEM RESOLUTION
### MEDICARE COST SETTLEMENT FOR FYE 12/22/95

In accordance with Regulation Section 405.1803, we have completed our examination of the Medicare "Statement of Reimbursable Cost" filed for your facility for the reporting period ended 12/22/95. The cashiering of the settlement will be identified through separate notice from our Government Accounting Department, shortly. If the balance due the provider/program on Attachment #2 (Notice of Medicare Program Reimbursement) is $-0-, no separate notification will be sent to your facility.

If the final cashiering of this settlement results in an amount due the Medicare Program, in accordance with 42CFR 405.376, interest will be assessed on the amount due HCFA, unless full payment is made within 30 days from the date of the notice. Interest will be assessed for each 30 day period (or less) that payment is delayed.

Attachment #2 is a schedule listing the reimbursable cost as originally submitted by your facility and as determined by our audit staff. The Audit Adjustment Repo ('s) reflects any difference between your original cost report and our determination.

The settlement of the cost report(s) was developed without a field examination; therefore, it is subject to further field review and may be reopened three years from today, which would be 01/18/03. A revision or adjustment to this report may be made as a result of a future audit of the report(s) or an audit of a subsequent cost report started within this three year period.

#5550  FORM: FI...STAR_2LETTERS\NPRLTR4.DOC

## UNITED GOVERNMENT SERVICES, LLC.
401 WEST MICHIGAN STREET • MILWAUKEE, WI 53203-2804
A HCFA Contracted Intermediary

FEB 23 2000 08:22                                          414 289 8599        PAGE.22

520174
Page 2

The adjustments to the cost report(s), which produce a difference between the Intermediary's determination and your initial cost report(s), are also explained in the enclosed bound cost report(s). If you do not understand the nature of these adjustments or the basis for them, please let us know.

The complete "Notice of Amount of Program Reimbursement" is made up of the contents of this letter and Attachments #1, #2 and the Adjustment Report portion of Attachment #3. Instructions regarding appeals rights are found in Attachment #1.

If you have any questions, please contact ED HANSMAN at 414-226-6987.

Sincerely,

Martin Lothes
Manager
Provider Audit
1515 RiverCenter Drive Facility

Attachments:    1.    Appeals Rights
                2.    Notice of Medicare Program Reimbursement
                3.    Cost Report

65550 FORM: P:..\STAR_2\LETTERS\NFRLTR8.DOC



Health Care Financing Administration

January 18, 2000

Paul Ciardo
Assoc. Administrator
C/O Milwaukee County DHS
1220 West Vliet Street-3rd Fl.
Milwaukee, WI   53205

> **NAME:** John L. Doyne Hospital
> **NUMBER:** 520174
> **FYE:** 12/22/95
> **DATE OF NPR:** 01/18/00

Dear Mr. Ciardo:

**SUBJECT: Report On No-Audit of the Medicare Cost Report/Statement**

We have reviewed the attached report for the cost reporting period stated above.

Preparation of the report and compliance with Medicare laws, regulations, and instructions, is the responsibility of your management.

We have performed a review of the report. The attached Medicare cost report has been adjusted, where required, for items of non-compliance discovered during our review. They are listed in the attached adjustment report.

This report is intended for the information of your management, chain providers (where applicable), and the Health Care Financing Administration (HCFA). This restriction is not intended to limit the distribution of this report, which is a matter of public record, unless otherwise restricted by applicable laws.

Sincerely,

*Martin Lothes*

Martin Lothes
Manager
Provider Audit
1515 RiverCenter Drive Facility

#5550  FORM: FA_STAR_PLETTERS\NPRLTR6.DOC

## UNITED GOVERNMENT SERVICES, LLC.

401 WEST MICHIGAN STREET • MILWAUKEE, WI 53203-2804
A HCFA CONTRACTED INTERMEDIARY

FEB 23 2000 08:22                                    414 299 8599          PAGE.04

United Government Services, LLC
Appeal Rights

Attachment 1

If you are dissatisfied with our determination as to the amount of program reimbursement contained in this notice, you may file a request for either a BCA or PRRB hearing.

A provider's request for a hearing must meet the following requirements:

(A)    It must be filed in writing and be signed by a responsible official or employee of the provider, or a duly authorized representative of the provider.

(B)    Except where good cause for delinquent filing can be shown, it must be filed no later than the 180th calendar day following the date the Notice of Program Reimbursement was issued.

(C)    It must identify the individual Intermediary adjustment items in dispute, identify the amounts in dispute for each item with which it disagrees, give the specific reasons the provider believes these are incorrect, and include all documentation necessary to support its position. (Prior to the commencement of the hearing, the provider may identify in writing additional aspects of the Intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support of these new issues).

(D)    One copy of the NPR, or determination disputed and adjustment report (pertinent portion).

## NOTICE OF AMOUNT OF MEDICARE PROGRAM REIMBURSEMENT APPEAL RIGHTS/FILING INSTRUCTIONS

This NPR is the Intermediary's determination for puposes of apeal right. We encourage you to discuss with us any disagreement to adjustments effected by the NPR. However, if the dispute cannot be resolved to your satisfaction, you may file an appeal to our determination with either the Blue Cross Blue Shield Association (BCBSA) or the Provider Reimbursement Review Board (PRRB), depending on the amount in controversy.

Appeal requests must be in writing and must be filed within 180 days from the date of the NPR. The requests should identify the adjustment in dispute number, description, and reimbursement effect, and include a copy of the NPR and adjustment report.

Filing requirement are summarized below:

|  | Intermediary Appeals | PRRB Appeals |
|---|---|---|
| Reference: | 42 CFR 405.1809-1833<br>HCFA Pub. 15-1, 2910-2918 | 42 CFR 405. 1835-1890<br>HCFA Pub. 15-1, 2920-2929 |

|  | Intermediary Appeals | PRRB Appeals |
|---|---|---|
| <u>Amount in Dispute</u>:<br>Periods ended before 6/30/73 | $1,000 minimum |  |
| Period ended after 6/30/73 | $1,000–$9,000 | Over & 10,000 |
| Groups:<br>(Common issues) | $1.000–$9,999 for individual Providers; less than $50,000 in Aggregate. | Same as Above. |
| Send request to: | Blue Cross Blue Shield Association Intermediary Hearing officer Medicare Operations/Prime Crime Appeals Policy 225 North Michigan Ave. Chicago, Il 60601 | <u>Regular Mail</u> Chairman Provider reimbursement     Review Board P.O. Box 31712. Baltimore, MD 2107-8712 |
|  |  | <u>Special Handling</u>: Chairman Provider Reimbursement Review Board 7500 Security Blvd. North Building Loading  dk. Baltimore, MD 21207-1850 |
| Send Copies of Request to: | Dick Heesen United Government Service, LLC. 401 W. Michigan Street Milwaukee, WI. 53203 | PRRB Coordinator Or Wilson Leong Appeals and Policy Blue Cross Blue Shield Assn. 225 North Michigan Ave. Chicago, Il 60601 |

|                                 | Intermediary Appeals                                              | PRRB Appeals                                           |
|---------------------------------|-------------------------------------------------------------------|--------------------------------------------------------|
| For information on Filing call: | Joan Baker<br>Blue Cross Blue Shield Assn.<br>312-297-5836        | Provider Reimbursement Review Board<br>410-786-2671    |

Please send a copy of appeal requests made either to BCA or the Board to:

Dick Heesen
United Government Services, LLC.
Provider Audit Department
401 W. Michigan Street
Milwaukee, WI 53212

Appeal information and procedures are available in PRM-1, Chapter 29, and in Commerce Clearing House Medicare & Medicaid Guide, Paragraph 7679-7791. Copies of the PRM sections may be obtained from:

National Technical Information Service
5858 Port Royal Road
Spring Field, VA 22161
703-487-4650

R&P\NPRfinal\forms\appeal_R.doc
Revise: September 1, 1999

ATTACHMENT C

## NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
### SETTLEMENT AFTER AUDIT OR NO AUDIT
### PROSPECTIVE PAYMENT PROVIDER

Provider Number:     520174

Provider Name:     John L. Doyne Hospital

Reporting Period Ended:     December 22, 1995

|  | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable Basis for Cost Reporting Period (HCFA 2552 Worksheet E, Part A) | $817226.0 | $732539.0 | S-84687.0 |
| Total Amount Payable Per Prospective Payment for Medicare Discharges for Cost Reporting Period (HCFA 2552, Worksheet E, Pt A) | $12295246.0 | $12951057.0 | $655811.0 |
| Total Outlier Payment Payable to Hospital for Cost Report Period (HCFA 2552 Worksheet E, Part A) | $883532.0 | $925927.0 | $42395.0 |
| Total Indirect Medical Education Payable to Hospital for Cost Reporting Period (HCFA 2552 Worksheet E, Part A) | $6236198.0 | $6555419.0 | $319221.0 |
| Total Medicare Reimbursement to Hospital for Period. (HCFA 2552 Worksheet E, Part A) | $20232202.0 | $21164942.0 | $932740.0 |
| Total Cost Reimbursable to Provider (HCFA 2552 Worksheet E, Part A & B> | $51281388.0 | $44734670.0 | S-6546718.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less:  Amount received and receivable through Interim Payments. <HCFA 2552, Worksheet E, Part A & B> | $31346714.0 | $32686761.0 | $1340047.0 |
| Net amount due provider/(program) | $19934674.0 | $12047909.0 | S-7886765.0 |

**YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER(PROGRAM)**          $12047909.0

Form: PAT_INICal-Nex.Doc

ATTACHMENT #2

# NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
## SETTLEMENT AFTER AUDIT OR NO AUDIT

PROVIDER NO.:        52S174

PROVIDER NAME:        John L. Doyne Hospital

F.Y.E.:        December 22, 1995

|  | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable to Provider from HCFA Worksheet E-E3 Series | $1233173.0 | $1243119.0 | $9946.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less:<br><br>Amount Received and Receivable through Interim Payments | $1025169.0 | $1115644.0 | $90475.0 |
| Net amount due provider/(program) per cost report | $208004.0 | $127475.0 | $-80529.0 |
| YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER/PROGRAM | | $127475.0 | |

Form: PAT_EI\Cal-HSB.Doc

FEB 23 2000 08:24                                414 289 9599        PAGE.29

ATTACHMENT #2

## NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
### SETTLEMENT AFTER AUDIT OR NO AUDIT

PROVIDER NO.:    52T174

PROVIDER NAME:    John L. Doyne Hospital

F.Y.E.:    December 22, 1995

| | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable to Provider from HCFA Worksheet E-E3 Series | $2378856.0 | $2285022.0 | $-93834.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less: | $1873023.0 | $1939372.0 | $66349.0 |
| Amount Received and Receivable through Interim Payments | | | |
| Net amount due provider/(program) per cost report | $505833.0 | $345650.0 | $-160183.0 |
| **YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER/PROGRAM** | | $345650.0 | |

Form: PAT_ZICal-HSB.Doc

FEB 23 2000 09:24                    414 289 8599    PAGE.10

*John L. Doyne Hospital v. Michael O. Leavitt*

# Exhibit C

# FOLEY & LARDNER

ATTORNEYS AT LAW

CHICAGO
DENVER
JACKSONVILLE
LOS ANGELES
MADISON
MILWAUKEE
ORLANDO

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399

SACRAMENTO
SAN DIEGO
SAN FRANCISCO
TALLAHASSEE
TAMPA
WASHINGTON, D.C.
WEST PALM BEACH

WRITER'S DIRECT LINE
(202) 672-5551

EMAIL ADDRESS
jmicklos@foleylaw.com

CLIENT/MATTER NUMBER
050089-0595

July 11, 2000

**VIA OVERNIGHT DELIVERY**

Irvin W. Kues
Chairman
Provider Reimbursement Review Board
7500 Security Boulevard, Room C1-09-13
Baltimore, Maryland 21244-1850

> Re:   John L. Doyne Hospital (Provider No. 520174)
>       Cost Reporting Period:  FYE December 22, 1995
>       Notice of Program Reimbursement dated January 18, 2000
>       Fiscal Intermediary:  United Government Services, LLC
>       Notice of Appeal and Request for Hearing

Dear Chairman Kues:

As indicated in the enclosed Letter of Representation, Foley & Lardner represents Milwaukee County, the government entity that owned and operated John L. Doyne Hospital ("Provider") during the cost reporting period ending December 22, 1995. On behalf of the Provider, we hereby request a hearing before the Provider Reimbursement Review Board ("Board") to dispute certain determinations made by United Government Services, the Provider's fiscal intermediary ("Intermediary"), in auditing the Provider's Medicare cost report for the identified cost reporting period. John L. Doyne Hospital voluntarily terminated from the Medicare program in December 1995, and the cost report at issue is its terminating cost report. Copies of the Notice of Program Reimbursement dated January 18, 2000, and the relevant audit adjustment are enclosed. The item in dispute is identified below.

1.  **Adjustment No. 45A**

In this adjustment, the Intermediary failed to recognize certain post-retirement health benefit costs as reasonable and necessary, and therefore allowable, Medicare costs.

002.358512.1

ESTABLISHED 1842

A MEMBER OF GLOBALEX WITH MEMBER OFFICES IN BERLIN, BRUSSELS, DRESDEN, FRANKFURT, LONDON, SINGAPORE, STOCKHOLM AND STUTTGART

FOLEY & LARDNER
Irvin W. Kues
July 11, 2000
Page 2


The Provider contends that these costs are allowable costs under 42 U.S.C. § 1395x(v)(1)(A), and the Intermediary should have reimbursed the Provider for Medicare's portion of these costs. The reimbursement impact of this issue is approximately $8.1 million.

        As indicated above, the Provider asserts that the issue identified for appeal represents an amount in controversy in excess of $10,000, and respectfully requests that the Board accept jurisdiction over this matter.

        In accordance with the Board's procedures effective May 1, 2000, the Provider will submit its proposed list of issues with the requisite supporting information within thirty (30) days of this Notice of Appeal and Request for Hearing.

        Please contact me if any questions arise regarding this appeal letter or the enclosed materials.

        Sincerely,

        Jeffrey G. Micklos

Enclosure(s)

cc:    PRRB Coordinator
       Appeal and Policy
       Blue Cross Blue Shield Association
       225 North Michigan Avenue
       Chicago, Illinois

       Dick Heesen
       United Government Services, LLC
       Provider Audit Department
       401 West Michigan Street
       Milwaukee, Wisconsin 53212

       Earl R. Hawkins, Jr.
       Director
       Milwaukee County Department of Administration
       901 North Ninth Street, Room 308
       Milwaukee, Wisconsin 53233

002.358512.1



DEPARTMENT OF ADMINISTRATION

# *Milwaukee County*

July 10, 2000

EARL R. HAWKINS, JR.  •  Director

Irvin W. Kues
Chairman
Provider Reimbursement Review Board
7500 Security Boulevard, Room C1-09-13
Baltimore, Maryland 21244-1850

       Re:  John L. Doyne Hospital (Provider No. 520174)
             Cost Reporting Period: FYE December 22, 1995
             Notice of Program Reimbursement dated January 18, 2000
             Fiscal Intermediary: United Government Services, LLC
             <u>Letter of Representation</u>

Dear Chairman Kues:

This letter is to notify the Provider Reimbursement Review Board that Milwaukee County and John L. Doyne Hospital ("Provider") hereby designate and authorize the law firm of Foley & Lardner to represent the Provider in the Medicare appeal for the referenced cost reporting period. All correspondence and any other contacts related to this matter should be directed to:

                Jeffrey G. Micklos, Esq.
                  Foley & Lardner
                3000 K Street, N.W.
                Washington, D.C. 20007
               Phone: (202) 672-5551
              Facsimile: (202) 672-5399
            E-mail: <u>jmicklos@foleylaw.com</u>

If you have any questions, please contact Robert Davis of my staff at (414) 278-5353.

Sincerely,

Earl R. Hawkins, Jr., Director
Department of Administration

cc:   Robert Davis
      Jeffrey G. Micklos, Esq.

COURTHOUSE, ROOM 308 • 901 NORTH 9TH STREET • MILWAUKEE, WISCONSIN 53233 • TELEPHONE 278-4166 • FAX 223-1245

County Health Related Services • Economic Development • Fiscal Affairs Division • Housing & Community Development
Information Management Services Division • Procurement Division



HCFA
Health Care Financing Administration

January 18, 2000

Paul Ciardo
Assoc. Administrator
John L. Doyne Hospital
C/O Milwaukee County DHS
1220 West Vliet Street-3rd Fl.
Milwaukee, WI 53205

| SUBUNITS |
| --- |
| 52S174 52T174 |

Provider No. 520174

Dear Mr. Ciardo:

SUBJECT: PROBLEM RESOLUTION
MEDICARE COST SETTLEMENT FOR FYE 12/22/95

In accordance with Regulation Section 405.1803, we have completed our examination of the Medicare "Statement of Reimbursable Cost" filed for your facility for the reporting period ended 12/22/95. The cashiering of the settlement will be identified through separate notice from our Government Accounting Department, shortly.  If the balance due the provider/program on Attachment #2 (Notice of Medicare Program Reimbursement) is $-0-, no separate notification will be sent to your facility.

If the final cashiering of this settlement results in an amount due the Medicare Program, in accordance with 42CFR 405.376, interest will be assessed on the amount due HCFA, unless full payment is made within 30 days from the date of the notice.  Interest will be assessed for each 30 day period (or less) that payment is delayed.

Attachment #2 is a schedule listing the reimbursable cost as originally submitted by your facility and as determined by our audit staff.  The Audit Adjustment Report(s) reflects any difference between your original cost report and our determination.

The settlement of the cost report(s) was developed without a field examination; therefore, it is subject to further field review and may be reopened three years from today, which would be 01/18/03.  A revision or adjustment to this report may be made as a result of a future audit of the report(s) or an audit of a subsequent cost report started within this three year period.

#5550  FORM: F:\..\STAR_PLETTERS\NPRLTR4.DOC

UNITED GOVERNMENT SERVICES, LLC.
401 WEST MICHIGAN STREET • MILWAUKEE, WI 53203-2804
A HCFA CONTRACTED INTERMEDIARY

520174
Page 2

The adjustments to the cost report(s), which produce a difference between the Intermediary's determination and your initial cost report(s), are also explained in the enclosed bound cost report(s). If you do not understand the nature of these adjustments or the basis for them, please let us know.

The complete "Notice of Amount of Program Reimbursement" is made up of the contents of this letter and Attachments #1, #2 and the Adjustment Report portion of Attachment #3. Instructions regarding appeals rights are found in Attachment #1.

If you have any questions, please contact ED HANSMAN at 414-226-6987.

Sincerely,

Martin Lothes
Manager
Provider Audit
1515 RiverCenter Drive Facility

Attachments:    1.    Appeals Rights
                2.    Notice of Medicare Program Reimbursement
                3.    Cost Report

65550 FORM: F\_\STAR_R.ETTERS\NFRLTRA.DOC



Health Care Financing Administration

January 18, 2000

Paul Ciardo
Assoc. Administrator
C/O Milwaukee County DHS
1220 West Vliet Street-3rd Fl.
Milwaukee, WI 53205

      **NAME:** John L. Doyne Hospital
    **NUMBER:** 520174
        **FYE:** 12/22/95
**DATE OF NPR:** 01/18/00

Dear Mr. Ciardo:

**SUBJECT: Report On No-Audit of the Medicare Cost Report/Statement**

We have reviewed the attached report for the cost reporting period stated above.

Preparation of the report and compliance with Medicare laws, regulations, and instructions, is the responsibility of your management.

We have performed a review of the report. The attached Medicare cost report has been adjusted, where required, for items of non- compliance discovered during our review. They are listed in the attached adjustment report.

This report is intended for the information of your management, chain providers (where applicable), and the Health Care Financing Administration (HCFA). This restriction is not intended to limit the distribution of this report, which is a matter of public record, unless otherwise restricted by applicable laws.

Sincerely,

Martin Lothes
Manager
Provider Audit
1515 RiverCenter Drive Facility

#5550  FORM: FA_STAR_RLETTERS\NPRLTRA.DOC

**UNITED GOVERNMENT SERVICES, LLC.**
401 WEST MICHIGAN STREET • MILWAUKEE, WI 53203-2804
A HCFA Contracted Intermediary

United Government Services, LLC
Appeal Rights

Attachment 1

If you are dissatisfied with our determination as to the amount of program reimbursement contained in this notice, you may file a request for either a BCA or PRRB hearing.

A provider's request for a hearing must meet the following requirements:

(A)   It must be filed in writing and be signed by a responsible official or employee of the provider, or a duly authorized representative of the provider.

(B)   Except where good cause for delinquent filing can be shown, it must be filed no later than the 180th calendar day following the date the Notice of Program Reimbursement was issued.

(C)   It must identify the individual Intermediary adjustment items in dispute, identify the amounts in dispute for each item with which it disagrees, give the specific reasons the provider believes these are incorrect, and include all documentation necessary to support its position. (Prior to the commencement of the hearing, the provider may identify in writing additional aspects of the Intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support of these new issues).

(D)   One copy of the NPR, or determination disputed and adjustment report (pertinent portion).

## NOTICE OF AMOUNT OF MEDICARE PROGRAM REIMBURSEMENT APPEAL RIGHTS/FILING INSTRUCTIONS

This NPR is the Intermediary's determination for purposes of appeal right. We encourage you to discuss with us any disagreement to adjustments effected by the NPR. However, if the dispute cannot be resolved to your satisfaction, you may file an appeal to our determination with either the Blue Cross Blue Shield Association (BCBSA) or the Provider Reimbursement Review Board (PRRB), depending on the amount in controversy.

Appeal requests must be in writing and must be filed within 180 days from the date of the NPR. The requests should identify the adjustment in dispute number, description, and reimbursement effect, and include a copy of the NPR and adjustment report.

Filing requirement are summarized below:

|  | Intermediary Appeals | PRRB Appeals |
|---|---|---|
| Reference: | 42 CFR 405.1809-1833<br>HCFA Pub. 15-1, 2910-2918 | 42 CFR 405. 1835-1890<br>HCFA Pub. 15-1, 2920-2929 |

|  | Intermediary Appeals | PRRB Appeals |
|---|---|---|
| **Amount in Dispute:** Periods ended before 6/30/73 | $1,000 minimum | |
| Period ended after 6/30/73 | $1,000-$9,000 | Over & 10,000 |
| Groups: (Common issues) | $1.000-$9,999 for individual Providers; less than $50,000 in Aggregate. | Same as Above. |
| Send request to: | Blue Cross Blue Shield Association Intermediary Hearing officer Medicare Operations/Prime Crime Appeals Policy 225 North Michigan Ave. Chicago, Il 60601 | Regular Mail Chairman Provider reimbursement         Review Board P.O. Box 31712. Baltimore, MD 2107-8712 |
| | | Special Handling: Chairman Provider Reimbursement Review Board 7500 Security Blvd. North Building Loading  dk. Baltimore, MD 21207-1850 |
| Send Copies of Request to: | Dick Heesen United Government Service, LLC. 401 W. Michigan Street Milwaukee, WI. 53203 | PRRB Coordinator Or Wilson Leong Appeals and Policy Blue Cross Blue Shield Assn. 225 North Michigan Ave. Chicago, Il 60601 |

|  | **Intermediary Appeals** | **PRRB Appeals** |
|---|---|---|
| For information on<br>Filing call: | Joan Baker<br>Blue Cross Blue Shield Assn.<br>312-297-5836 | Provider Reimbursement<br>Review Board<br>410-786-2671 |

Please send a copy of appeal requests made either to BCA or the Board to:
> Dick Heesen
> United Government Services, LLC.
> Provider Audit Department
> 401 W. Michigan Street
> Milwaukee, WI 53212

Appeal information and procedures are available in PRM-1, Chapter 29, and in Commerce Clearing House Medicare & Medicaid Guide, Paragraph 7679-7791. Copies of the PRM sections may be obtained from:
> National Technical Information Service
> 5858 Port Royal Road
> Spring Field, VA 22161
> 703-487-4650

R&P\NPRfinal\forms\appeal_R.doc
Revise: September 1, 1999

ATTACHMENT D

### NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
### SETTLEMENT AFTER AUDIT OR NO AUDIT
### PROSPECTIVE PAYMENT PROVIDER

Provider Number:   520174

Provider Name:   John L. Doyne Hospital

Reporting Period Ended:   December 22, 1995

| | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable Basis for Cost Reporting Period (HCFA 2552 Worksheet E, Part A) | $817226.0 | $732539.0 | $-84687.0 |
| Total Amount Payable Per Prospective Payment for Medicare Discharges for Cost Reporting Period (HCFA 2552, Worksheet E, Pt A) | $12295246.0 | $12951057.0 | $655811.0 |
| Total Outlier Payment Payable to Hospital for Cost Report Period (HCFA 2552 Worksheet E, Part A) | $883532.0 | $925927.0 | $42395.0 |
| Total Indirect Medical Education Payable to Hospital for Cost Reporting Period (HCFA 2552 Worksheet E, Part A) | $6236198.0 | $6555419.0 | $319221.0 |
| Total Medicare Reimbursement to Hospital for Period. (HCFA 2552 Worksheet E, Part A) | $20232202.0 | $21164942.0 | $932740.0 |
| Total Cost Reimbursable to Provider (HCFA 2552 Worksheet E, Part A & B> | $51281388.0 | $44734670.0 | $-6546718.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less:  Amount received and receivable through Interim Payments. <HCFA 2552, Worksheet E, Part A & B> | $31346714.0 | $32686761.0 | $1340047.0 |
| Net amount due provider/(program) | $19934674.0 | $12047909.0 | $-7886765.0 |
| YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER(PROGRAM) | | $12047909.0 | |

Form: PAT_2\1Ca1-Nos.Doc

FEB 23 2000 08:23

414 289 8599    PAGE.28

ATTACHMENT #2

## NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
### SETTLEMENT AFTER AUDIT OR NO AUDIT

PROVIDER NO.:     52S174

PROVIDER NAME:     John L. Doyne Hospital

F.Y.E.:     December 22, 1995

| | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable to Provider from HCFA Worksheet E-E3 Series | $1233173.0 | $1243119.0 | $9946.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less: Amount Received and Receivable through Interim Payments | $1025169.0 | $1115644.0 | $90475.0 |
| Net amount due provider/(program) per cost report | $208004.0 | $127475.0 | $-80529.0 |
| **YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER/PROGRAM** | | $127475.0 | |

Form: PAT_31C4-HS3.Doc

FEB 23 2000 08:24                                      414 289 8599        PAGE.29

ATTACHMENT #2

## NOTICE OF MEDICARE PROGRAM REIMBURSEMENT
## SETTLEMENT AFTER AUDIT OR NO AUDIT

PROVIDER NO.:      52T174

PROVIDER NAME:     John L. Doyne Hospital

F.Y.E.:      December 22, 1995

| | Per Provider Initial Report | Per Intermediary Determination | Difference |
|---|---|---|---|
| Total Cost Reimbursable to Provider from HCFA Worksheet E-E3 Series | $2378856.0 | $2285022.0 | S-93834.0 |
| Temporary Settlement | $0.0 | $0.0 | $0.0 |
| Less: | $1873023.0 | $1939372.0 | S66349.0 |
| Amount Received and Receivable through Interim Payments | | | |
| Net amount due provider/(program) per cost report | $505833.0 | $345650.0 | S-160183.0 |
| **YOU WILL RECEIVE SEPARATE NOTIFICATION FOR THIS FINAL AMOUNT DUE PROVIDER/PROGRAM** | | $345650.0 | |

Form: PAT_21C4-HSB.Doc

# ADJUSTMENT REPORT

## REPORT REFERENCES

PROVIDER NO. 52-0174
PERIOD ENDED 12/21/05

PAGE 23 OF 63

| FORM | PAGE | LINE | COL | ADJ NO. | EXPLANATION OF ADJUSTMENT | AS FILED | INC (DEC) | AS ADJUSTED | MATH CHECK | WP REF | EFFECT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2552 | A-8 | 37.8 | 1-4 | (44) | To adjust lease termination costs out of the cost report due to lack of documentation 42 CFR 413.9 | | | | | | |
| 2552 | A-8 | | 1-4 | | Coding costs-Cardiology Code"A" Electrocardiology Line 53   DELETED ADJUSTMENT # 44 | | | | | | |
| | | | | (45) | To adjust accrued expenses out of the cost report due to lack of documentation 42 CFR 413.9 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Voluntary Resignation Package Code"A" A&G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Unemployment Comp. Code "A" A&G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Stateless Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Temp Costs Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Anderson Fees Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Microfilming of A/R Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Medical Data Center Costs Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Rent Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Microfilming for close Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Software Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued "Coalfont" Code "A" A & G Line 6 | | | | | | |
| 2552 | A-8 | New | 1-4 | | Accrued Legal Fees Code "A" A & G Line 6 | | | | | | |

DELETED ADJUSTMENT #45.

DELETED CLOSING COSTS - ADMINISTRATIVE CODE "A"