## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN L. DOYNE HOSPITAL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1592 (JDB) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1. The first sentence contains Plaintiff's characterization of its action to which no response is required. Denies the second sentence.

2-3. Admits.

4. Denies.

5. Admits.

6. The first sentence contains Plaintiff's characterization of its action to which no

response is required.  The second sentence contains Plaintiff's characterization of its action, to which no response is required, and Plaintiff's characterizations of a July 9, 2007 letter of the CMS Administrator and of the May 10, 2007 decision of the Provider Reimbursement Review Board ("PRRB"), which speak for themselves.  Defendant denies any such characterizations and respectfully refers the Court to the CMS Administrator's letter, Administrative Record ("A.R.") 9, and the PRRB decision, A.R. 14-19, for a complete and accurate statement of their contents. Admits the third sentence.

7-10.  These paragraphs contain conclusions of law to which no response is required.

11.  Admits.

12.  Admits, except to deny that all Medicare-participating hospitals are reimbursed for all items or services based on their reasonable costs of furnishing those items or services.

13.  Admits.

14.  The first sentence contains Plaintiff's characterization of a Medicare regulation, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents.  Admits the second sentence.

15.  Admits, except to deny that audits are always performed for each cost reporting period.

16.  This paragraph contains Plaintiff's characterization of the Medicare statute and a Medicare regulation, which speak for themselves.  Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute and regulation for a complete and accurate statement of their contents.

2

17-23.  These paragraphs contain Plaintiff's characterizations of the Medicare statute, which speaks for itself.  Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of its contents.

24-25.  These paragraphs contain Plaintiff's characterizations of the Medicare regulations, which speak for themselves.  Defendant denies any such characterizations and respectfully refers the Court to the cited regulations for a complete and accurate statement of their contents.

26.  This paragraph contains Plaintiff's characterizations of the Medicare regulations and Medicare's Provider Reimbursement Manual, which speak for themselves.  Defendant denies any such characterizations and respectfully refers the Court to the cited regulations and manual provision for a complete and accurate statement of their contents.  Admits that a copy of Provider Reimbursement Manual § 2140.1 is attached as Exhibit A to the Complaint served on the Secretary.

27.  Admits.

28.  This paragraph contains Plaintiff's characterization of a Medicare regulation, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents.

29.  Denies.

30.  This paragraph contains a conclusion of law to which no response is required.

31.  Admits.

32.  This paragraph contains a conclusion of law and Plaintiff's speculation to which no response is required.

33. Denies, except to admit that the fiscal intermediary denied reimbursement for the retiree health benefit costs at issue.

34. Denies.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36-37. Admits.

38. This paragraph contains conclusions of law to which no response is required.

39-40. Admits.

41. Admits that since closure of the Hospital, the County has made post-retirement health benefit payments to those retirees (and their eligible dependents) who provided necessary health care services to Medicare beneficiaries during the time that the Hospital participated in the Medicare Program, but Plaintiff's allegation that the County will continue to make these payments is speculation to which no response is required.

42. This paragraph contains a conclusion of law to which no response is required.

43. Admits the first sentence. The second sentence contains Plaintiff's characterization of its cost report filed in May 1996, which speaks for itself. Defendant denies any characterizations of the cost report, which is not present in the Administrative Record.

44. Admits.

45-46. These paragraphs contain Plaintiff's characterizations of its Amended Cost Report, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the Amended Cost Report for a complete and accurate statement of its contents. A.R. 165-204.

47. Admits the first sentence. Admits that a copy of the January 18, 2000 NPR is attached as Exhibit B to the Complaint served on the Secretary. The remainder of this paragraph contains Plaintiff's characterizations of the January 18, 2000 NPR, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the January 18, 2000 NPR for a complete and accurate statement of its contents. A.R. 206-14.

48. The first sentence contains Plaintiff's characterizations of a July 11, 2000 letter sent by Plaintiff to the PRRB, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the letter for a complete and accurate statement of its contents. A.R. 752-65. Admits that a copy of the July 11, 2000 letter is attached as Exhibit C to the Complaint served on the Secretary.

49. Admits.

50. Admits the first sentence. The second sentence contains Plaintiff's characterization of its "updated claim," which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the "updated claim" for a complete and accurate statement of its contents. A.R. 294-301.

51. This paragraph contains Plaintiff's characterizations of its "updated claim," which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the "updated claim" for a complete and accurate statement of its contents. A.R. 294-301.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Admits.

54. Admits the first sentence. The second sentence contains Plaintiff's characterization

of the PRRB decision, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents.  A.R. 14-19.

55.  Admits.

56.  This paragraph contains a conclusion of law and Plaintiff's characterization of its action to which no response is required.

57.  Denies.  By way of further answer, the Secretary avers that the Administrator declined to review the PRRB decision.  A.R. 1.

58.  Denies the first sentence.  By way of further answer, the Secretary denies that the Administrator issued any ruling in this matter.  The Secretary avers that the Administrator declined to review the PRRB decision.  A.R. 1.  Denies the second, third and fourth sentences.  The fifth sentence contains Plaintiff's speculation to which no response is required.  The sixth sentence contains a conclusion of law to which no response is required.

59.  Denies.

60.  Denies the first sentence.  The second sentence contains Plaintiff's characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a complete and accurate statement of its contents.

61.  Denies the first and second sentences.  The third sentence contains a conclusion of law to which no response is required.  Denies the fourth sentence.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response may be required, Defendant denies that

Plaintiff is entitled to the relief requested or to any other relief from Defendant.  All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the administrative record.

Respectfully submitted,

   /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

   /s/
CHARLOTTE A. ABEL
Assistant United States Attorney
D.C. Bar No. 388582
Judiciary Center Building
555 4th St., N.W., Room 10-106
Washington, D.C. 20530
(202) 307-2332

   /s/
PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

CAROL J. BENNETT
Acting Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services